UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EMILIE MORSE,

                Plaintiff,                              **MEMORANDUM & ORDER**

    -against-                                          09-CV-5075 (KAM) (ALC)

JETBLUE AIRWAYS CORPORATION,

                Defendant.
-------------------------------------------------------------------X

**ANDREW L. CARTER, JR., UNITED STATES MAGISTRATE JUDGE:**

Before the Court is Plaintiff Emilie Morse's motion for interim attorneys' fees and costs incurred in her proceedings before the U.S. Equal Employment Opportunity Commission ("EEOC"). For the reasons set forth below, Plaintiff's motion is denied.

**I.     Background**

Plaintiff previously worked for JetBlue Airways as an Inflight Supervisor. In 2005, Plaintiff underwent back surgery and took administrative leave. She alleges that in or around July 2006, JetBlue terminated her pursuant to its policy of administratively terminating employees out on disability leave for at least 52 weeks over a two-year period. On or about November 9, 2006, Plaintiff filed a Charge of Discrimination with the EEOC on behalf of herself and other similarly situated JetBlue employees that were affected by the policy. Plaintiff alleges, in part, that Defendant's policy violated the Americans with Disabilities Act, 42 U.S.C. § 11217 *et seq.* ("ADA"). The EEOC conducted an investigation of JetBlue's leave policy and practice. The EEOC issued a determination, surmising that there was reasonable cause to believe that JetBlue discriminated against Plaintiff - a finding that JetBlue continues to dispute. Subsequently, the EEOC reached a conciliation agreement with JetBlue that addressed JetBlue's leave policy, though

1

the parties dispute whether the provisions agreed upon in the conciliation agreement differed from JetBlue's actual practice and policy. Plaintiff and JetBlue were unable to agree on individual relief and she initiated suit in this district. Plaintiff now argues that because JetBlue and the EEOC entered into a conciliation agreement that allegedly modified JetBlue's policy, she is a prevailing party as contemplated by the ADA and is entitled to attorneys' fees incurred during those proceedings.

## II. Discussion

### A. Prevailing Party Standard

A court may grant reasonable attorneys' fees and costs to the prevailing party in any action or proceeding in matters involving the ADA. *See* 42 U.S.C. § 12205; *see also Buckhannon Bd. and Care Home*, *Inc. v. West Virginia Dep't. of Health and Human Res., et al.*, 532 U.S. 598, 121 S. Ct. 1835 (2001); *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 60, 100 S. Ct. 24 (1980). There is little dispute that fees can be awarded for successful proceedings before state and federal administrative bodies, such as the EEOC. *See New York Gaslight Club*, 447 U.S. at 60-61; *Cassas v. Lenox Hill Hosp.*, No. 91-CV-5880, 1997 WL 661140, at *2 (S.D.N.Y. Oct. 22, 1997). The proper inquiry here is whether at this stage of the litigation Plaintiff is a prevailing party. Plaintiff submits a litany of reasons as to why she is a prevailing party. I find that her argument fails simply because the conciliation agreement entered into between the EEOC and JetBlue lacks judicial and administrative imprimatur.

In order to be eligible for attorneys' fees, "a plaintiff [should] receive at least some relief on the merits of [her] claim before [she] can be said to prevail." *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S. Ct. 2672 (1987). "[A]t a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Ass'n v. Garland Indep. Sch.*

2

*Dist.*, 489 U.S. 782, 792, 109 S. Ct. 1486 (1989) (citing *Hewitt*, 482 U.S. at 760-61; *Rhodes v. Stewart*, 488 U.S. 1, 3-4, 109 S. Ct. 202, 102 L.Ed.2d 1 (1988)). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." *Texas State Teachers Ass'n*, 489 U.S. at 792-93. The material alteration must affect the behavior of the defendant towards the plaintiff. *See Rhodes*, 488 U.S. at 4. "[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorneys' fees." *Buckhannon*, 532 U.S. at 604 (quoting *Texas State Teachers Ass'n*, 489 U.S. at 792-93); *Roberson v. Giuliani*, 346 F.3d 75, 81 (2d Cir. 2003) (judgments on the merits and court-ordered consent decrees are "examples of the type of judicial action that could convey prevailing party status."). Private settlements, however, do not amount to a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon*, 532 U.S. at 604-05.

### B. EEOC's Authority

The EEOC, through statute, is "empowered…to prevent any person from engaging in any unlawful employment practice as set forth in section 2000e-2 or 2000e-3 of this title." 42 U.S.C. § 2000e-5(a). Generally, the EEOC investigates a charge of discrimination and if it finds that there is a reasonable cause to believe that the charge is true, it "shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b). "Conciliation agreements are voluntary contracts containing terms upon which the employer, the employee, and the EEOC agree. Nothing in the legislation compels either of these parties to reach final agreement." *E.E.O.C. v. Liberty Trucking Co.*, 695 F.2d 1038, 1041 (7th Cir. 1982) (noting that courts do not approve the terms of the conciliation agreement). Furthermore, "the EEOC [does not] have power to fashion remedies or enforce its determinations." *Richards v. Calvet*, No. 99-CV-12172, 2005 WL 743251, at *11 (S.D.N.Y. Mar.

31, 2005); *accord Hill v. Rayboy-Brauestein*, 467 F. Supp. 2d 336, 369-70 (S.D.N.Y. 2006) ("the EEOC does not find or resolve issues of fact, the hallmark of an administrative agency acting in a judicial capacity" (internal citations and quotation marks omitted)).

**C. Judicial Imprimatur**

Neither party submitted a case addressing whether an employee in an EEOC proceeding is a prevailing party if the EEOC enters into a conciliation agreement with the offending employer. I have done a similarly exhausting search and I have not found a case on point. Plaintiff, however, relies heavily on *A.R. et al. v. New York City Dep't. of Educ.*, 407 F.3d 65 (2d Cir. 2007), in support of her position that she is a prevailing party. There, the parents of schoolchildren instituted a number of administrative proceedings challenging, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, the special educational programs that the New York City Department of Education ("DOE") had provided for the disabled children. *See A.R.*, 407 F.3d at 67. The parents appeared before Independent Hearing Officers ("IHOs") during the administrative proceedings and were represented by counsel. *See id.* During these hearings, the parties engaged in off-the record discussions that resulted in settlement agreements between the parents and the DOE. *See id.* at 68. The IHOs issued administrative orders that recorded the terms of the settlement agreements between the parties and dismissed the cases. *See id.* at 68-70. The parents later filed complaints in the district court, complaining that they were entitled to attorneys' fees incurred during these administrative proceedings because the IDEA, similar to the ADA, allows prevailing parties to recover attorneys' fees from the party against which it prevailed. *See id.* at 71; *see also* 20 U.S.C. § 1415(i)(3)(B). The DOE claimed that the parents were not prevailing parties as contemplated by the IDEA, arguing in part that the IHOs merely so-ordered the settlement agreements and those orders did not constitute consent decrees. *See A.R.*, 407 F.3d at 71. The circuit affirmed the district court's opinion that the parents were prevailing parties as contemplated

by *Buckhannon* and were entitled to fees for work that resulted in the settlement agreements. *See id.* at 68. It held that the orders were the IHOs' decision on the merits and this constituted "administrative imprimatur." The combination of the imprimatur, the change in the legal relationship of the parties arising from it, and the judicial enforceability of the orders, rendered the parents prevailing parties under *Buckhannon*. *See id*. at 76.

Here, Plaintiff maintains that the same analysis used by the court in *A.R.* should be applied toward the conciliation agreement between the EEOC and JetBlue. While Plaintiff offers an interesting argument, the distinguishing facts in *A.R.*, combined with the dearth of case law supporting Plaintiff's position, persuades me to deny Plaintiff's motion. *Buckhannon* firmly rejects the "catalyst theory" for actions involving the ADA. 532 U.S. at 605. "Under the catalyst theory, a court could award attorneys' fees based solely upon a private agreement among the parties settling their dispute, even though no legal relief such as a consent decree had been obtained." *Pres. Coalition v. Fed. Transit Admin.*, 356 F.3d 444, 450 (2d Cir. 2004). *Buckhannon* held that the "catalyst theory" was not a valid basis for awarding attorneys' fees because "[i]t allows an award where there is no judicially sanctioned change in the legal relationship of the parties." 532 U.S. at 605.

Here, the conciliation agreement, unlike the settlement agreements in *A.R.*, was not a court-ordered decree that provides the necessary judicial or administrative imprimatur justifying an award of interim attorneys' fees. *See Buckhannon*, 532 U.S. at 604-05. In *A.R.*, the dispositive administrative orders incorporated the terms of the settlement agreements. 407 F.3d at 78. Here, the EEOC was a party to the conciliation agreement, there was no formal hearing or administrative order resulting from the agreement. *See Maria C. ex rel. Camacho v. Sch. Dist. of Philadelphia*, 142 Fed. Appx. 78, 82 (3d Cir. 2005) (finding that plaintiff was not a prevailing party in an administrative proceeding, in part because the voluntary agreement between the parties was never

entered into an administrative order); *Abarca ex rel. C.A. v. District of Columbia*, No. 06-CV-1254, 2007 WL 1794101 (D.D.C. Jun. 19, 2007) (denying prevailing party status in part because the hearing officer did not adopt the settlement as part of the order).

While I agree that the situation here is more than a purely private agreement between two parties involved in the instant litigation, I do not find that the conciliation agreement is similar to the IHOs' decisions where the agreements were incorporated into dispositive administrative orders. There is little dispute that the conciliation agreement was not ordered by a court, and there was no judicial approval or oversight. The court in *A.R.* explicitly held that had the agreements between the parents and the DOE "been purely private - occasioned by the proceedings but not ordered by the IHOs – [the parents] would not have been 'prevailing parties.' To hold otherwise would be to give effect to the 'catalyst theory' disapproved in *Buckhannon*." 407 F.3d at 78. The court noted that the IHOs did more than dismiss the cases following the settlement, "[t]hey incorporated the terms of the settlements in dispositive administrative orders." *Id*. There simply is no support, offered by the parties or reasoned by other courts, that analogizes a conciliation agreement to that of a consent decree.

Plaintiff argues that the conciliation agreement required JetBlue to make fundamental changes to its leave policy because it changed its 52-week policy as a direct result of the EEOC proceedings. However, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605. Plaintiff would be entitled to attorneys' fees if this were an action to *enforce* the terms of the conciliation agreement. *See Vazquez v. Salomon Smith Barney Inc.*, No. 01-CV-2895, 2003 WL 21242902, at *3 (S.D.N.Y. May 29, 2003). While district courts have jurisdiction to enforce the terms of a conciliation agreement, the courts award attorneys' fees for

work done because of a breach of the conciliation agreement, not for work done negotiating the agreement. To hold otherwise would provide support to the refuted "catalyst theory."

### III.     Conclusion

For the reasons set forth above, I deny Plaintiff's motion for an award of interim attorneys' fees.


**SO ORDERED**

**Dated: December 20, 2010**
      **Brooklyn, New York**

                                           ____/s/ ALC_____
                                           **HONORABLE ANDREW L. CARTER, JR.**
                                           **UNITED STATES MAGISTRATE JUDGE**