UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
EMILIE MORSE

              Plaintiff,

     -against-

JETBLUE AIRWAYS CORPORATION,

              Defendant.
----------------------------------X

**MEMORANDUM AND ORDER**

09-CV-5075 (KAM)(MDG)

**MATSUMOTO, United States District Judge:**

        On November 19, 2009, plaintiff Emilie Morse ("Morse" or "plaintiff") filed the instant action, alleging that defendant JetBlue Airways Corporation ("JetBlue" or "defendant") wrongfully terminated her employment on the basis of her disability and failed to provide a reasonable accommodation for her disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); New York State Human Rights Law §§ 290 *et seq.* ("NYSHRL"); and New York City Human Rights Law §§ 8-101 *et seq.* ("NYCHRL"). (Compl., ECF No. 1.) On June 5, 2012, defendant moved for summary judgment on a number of grounds. (ECF No. 70.) In a Memorandum and Order filed on March 31, 2013, the undersigned granted the motion in part and denied it in part (hereinafter "Mem. & Order," ECF No. 85). Specifically, the court found issues of fact remain for trial as to plaintiff's reasonable accommodation and discriminatory discharge claims under the ADA that accrued after

January 20, 2006, and her NYSHRL and NYCHRL claims.[1]  (Mem. &

Order at 73-74.)

Presently before the court are motions *in limine* by

both parties.  Plaintiff moves to exclude at trial legal and

factual contentions that plaintiff may not recover economic

damages for the period she was receiving disability benefits.

(Pl. Mot., ECF No. 93; Pl. Mem., ECF No 90; Pl. Reply, ECF No.

95.)  Defendant seeks to preclude plaintiff from seeking back

pay or front pay damages at trial.  (Def. Mot., ECF No. 91; Def.

Mem., ECF No. 92.)  For the reasons that follow, plaintiff's

motion is denied, and defendant's motion is granted.

## BACKGROUND

The underlying facts of this action are set out at

length in the court's March 31, 2013 Memorandum and Order.

Familiarity with these facts is assumed and only those facts

central to the instant motion are recounted here.

Between 2003 and 2006, plaintiff worked as an Inflight

Supervisor at JetBlue.  (Mem. & Order at 2.)  The position

---

[1] On March 17, 2014, defendant moved for a pre-motion conference to discuss moving for reconsideration or renewing its summary judgment motion based on a recently issued decision by the Second Circuit, *Castagna v. Lucerno*, 744 F.3d 254 (2d Cir. 2014).  Defendant's proposed motion concerned whether the court should have tolled the statute of limitations for plaintiff's NYSHRL and NYCHRL claims during the period plaintiff filed an EEOC claim, a question that is unsettled in the Second Circuit.  Following plaintiff's response to the pre-motion conference letter, the court scheduled a pre-motion conference for April 24, 2014.  During the conference, the court found, for the reasons later set forth in the Minute Entry dated April 29, 2014, that *Castagna* did not alter its prior determination that the NYSHRL and NYCHRL claims should be tolled.

expectations for an Inflight Supervisor included flying onboard aircrafts and being qualified as a flight attendant. (Mem. & Order at 4.) Around December 2004, plaintiff's doctor advised plaintiff that she was unable to fly, and upon plaintiff's request, her then-manager and supervisor at JetBlue informally relieved her of her flying requirements. (Mem. & Order at 8.)

In January 2005, plaintiff stopped flying altogether while continuing to perform all other functions of her position. (Mem. & Order at 9.) On June 24, 2005, plaintiff's new manager informed plaintiff that she was failing to meet the minimum qualifications of an Inflight Supervisor. (Mem. & Order at 10.) Plaintiff requested accommodation in the form of permission to continue working as an Inflight Supervisor without flying duties, which was denied. (Mem. & Order at 12.) On July 7, 2005, plaintiff took a short-term disability ("STD") leave of absence. (Mem. & Order at 12.)

In January 2006, plaintiff began receiving Long Term Disability ("LTD") benefits from First Unum Life Insurance Company. (Def. Mem. at 2.) Pursuant to JetBlue's LTD benefit guidelines, in order to receive LTD benefits for the first twenty-four months of a disability, a crew-member must be "completely unable, because of illness or injury, to perform every duty related to his or her job." (Mem. & Order at 20.) After the first twenty-four months, crewmembers must be "unable

to work in any occupation for which he or she is reasonably qualified through training, education, or experience" in order to continue receiving LTD benefits. (Mem. & Order at 20.) Unum similarly permits the receipt of LTD benefits after twenty-four months only if an individual is "unable to perform the duties of any gainful occupation for which [she is] reasonably fitted by education, training or experience." (Mem. & Order at 20-21 (quoting Unum's definition of disability).)

On July 12, 2006, defendant terminated plaintiff's employment because plaintiff did not return to work within the time period specified by JetBlue's administrative termination policy. (Mem. & Order at 12-13, 16 n.9.) On July 16, 2007, following her termination, plaintiff filed an application with the Social Security Administration ("SSA") for Social Security Disability Insurance ("SSDI") benefits. (Mem. & Order at 21.) In this application, plaintiff stated that she "became unable to work because of [her] disabling condition on July 8, 2005." (Mem. & Order at 21.) The SSA determined that plaintiff was disabled as of July 8, 2005, and began paying her disability benefits based on that starting date. (Mem. & Order at 21.) Plaintiff continues to receive SSDI benefits to this day. (Pl. Mem. at 2.)

**DISCUSSION**

The parties disagree about whether plaintiff's receipt of SSDI and LTD benefits disqualifies her from back or front pay awards at trial. For the reasons set forth below, the court finds that plaintiff's receipt of SSDI benefits from July 8, 2005 and LTD benefits from January 2006 bars her from seeking front or back pay damages at trial.[2]

I.  **Motion *in Limine* Standard**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce* 469 U.S. at 41.

---

[2] Because the period during which plaintiff was considered disabled for the purpose of receiving SSDI benefits, from July 8, 2005 to the present, began before the period plaintiff received LTD benefits and continues to the present date, the court need not consider the bearing of the LTD benefits on front and back pay in this case.

## II. Back and Front Pay under the ADA, NYSHRL, and NYCHRL

Under the ADA, both back pay and front pay are equitable remedies. *See, e.g.*, *Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005). "Because a lost wages award—whether in the form of back pay or front pay—is an equitable remedy, a party is generally not *entitled* to a jury determination on the question." *Id.* (citing *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 157 (2d Cir. 2001)) (emphasis in the original).[3] Instead, back and front pay awards made pursuant to the ADA are determined by the court.[4] *Vernon v. Port Auth. of N.Y. & N.J.*, 220 F. Supp. 2d 223, 234, 236 (S.D.N.Y. 2002) (citing *Robinson*, 267 F.3d at 160; *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 727 (2d Cir. 1984)).

In contrast to the ADA, "any form of money damages, including front pay, is a legal remedy to be decided by the jury under the NYSHRL." *Chisholm v. Mem'l Sloan-Kettering Cancer Ctr.*, 824 F. Supp. 2d 573, 576 (S.D.N.Y. 2011) (citing *Thomas v. iStar Fin.*, 508 F. Supp. 2d 252, 258 (S.D.N.Y. 2007); *Epstein v.*

---

[3] Although *Broadnax* involves Title VII, rather than the ADA, claims, the case is applicable to the instant matter; the ADA incorporates Title VII's remedial provisions, which, in turn, authorize back pay. *See* 42 U.S.C. § 12117 (incorporating, *inter alia*, 42 U.S.C. § 2000e-5); *see also Colwell v. Suffolk Cnty. Police Dept.*, 967 F. Supp. 1419, 1431 (E.D.N.Y. 1997), *rev'd on other grounds by* 158 F.3d 635 (2d Cir. 1998) ("Title VII and, perforce, the ADA authorize the Court to determine and award back pay").

[4] The jury is not prohibited from considering ADA front or back pay, however. The Second Circuit held in *Broadnax* that a jury may issue a non-advisory opinion on back pay. 415 F.3d at 271-72 (holding that the district court did not abuse its discretion in permitting the jury to determine lost wages where the plaintiff requested a jury determination of the issue and the defendant failed to object).

*Kalvin-Miller Int'l, Inc.*, No. 96-cv-8158, 2000 WL 1761052, at *1 (S.D.N.Y. Nov. 29, 2000)); *see also Johnson v. Strive E. Harlem Emp. Grp.*, --- F. Supp. 2d ----, 2014 WL 25666, at *16-17 (S.D.N.Y. Jan. 2, 2014) (evaluating back and front pay awards determined by the jury under Title VII, NYSHRL, and NYCHRL, without comment on the propriety of the jury making that determination); *Zakre v. Norddeutsche Landesbank Girozentrale*, 541 F. Supp. 2d 555, 567 (S.D.N.Y. 2008) (same but limited to back pay only).

Pursuant to Federal Rule of Civil Procedure 39(c), the court "may try any issue with an advisory jury" or "may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right." Courts presiding over jury trials where lost wages were considered an equitable remedy under federal law and a legal remedy under state law have either treated the jury's lost wage awards as advisory, *see Epstein*, 2000 WL 1761052, at *2, or considered lost wages to have been awarded under state law, and, therefore, treated the award as non-advisory, *see Chisholm*, 824 F. Supp. 2d at 576; *Thomas*, 508 F. Supp. 2d at 258.

a. <u>Back Pay</u>

Back pay is available to plaintiffs under the ADA, NYSHRL, and NYCHRL. *See DeCurtis v. Upward Bound Int'l, Inc.*, No. 09-CV-5378, 2011 WL 4549412, at *3 (S.D.N.Y. Sept. 27, 2011)

7

(citing N.Y. Exec. Law § 297(4), (9); N.Y.C. Admin. Code § 8-502(a)); *Meling v. St. Francis* College, 3 F. Supp. 2d 267, 275 (E.D.N.Y. 1998) (citing *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 144-45 (2d Cir. 1993)). Back pay is typically awarded in cases involving unlawful termination: "Ordinarily, a plaintiff who establishes she has been unlawfully terminated is entitled to an award of back pay from the date of termination until the date of judgment." *Meling*, 3 F. Supp. 2d at 275 (citing *Saulpaugh*, 4 F.3d at 144-45).

The purpose of an award of back pay "is to completely redress the economic injury the plaintiff has suffered as a result of discrimination," and, as such, the plaintiff is "only entitled to losses suffered as a result of [a defendant's] discrimination." *Saulpaugh*, 4 F.3d at 145 (internal quotation marks omitted). Therefore, this remedy does not extend to periods when a plaintiff would have been unable to continue working due to disability. *Thornley v. Penton Pub., Inc.*, 104 F.3d 26, 31 (2d Cir. 1997).

    b. <u>Front Pay</u>

"[F]ront pay is . . . money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001). "This represents compensation for future losses that the plaintiff

would not suffer but for the discriminatory acts of the defendant." *Rivera v. Baccarat, Inc.*, 34 F. Supp. 2d 870, 877 (S.D.N.Y. 1999); *see also Schlant v. Victor Belata Belting Co., Inc.*, 2000 WL 1737945, at *3 (W.D.N.Y. Nov. 9, 2000) ("A plaintiff cannot collect front pay when she is disabled and unable to work, because front pay is an alternative to reinstatement and therefore is not available to one who cannot work."). Front pay is awarded "in those situations where reinstatement is inappropriate and a plaintiff has been unable to find another job, and where the fact-finder can reasonably predict that a plaintiff has no reasonable prospect of obtaining comparable alternative employment." *Brady v. Wal-Mart Stores., Inc.*, 03-CV-3843, 2005 WL 1521407, at *7 (E.D.N.Y. Jun. 21, 2005) (citing *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1182 (2d Cir. 1996)). Courts have considered reinstatement inappropriate "where there is animosity between an employer and an employee or where there is no longer a position available at the time of judgment." *Bergerson v. N.Y.S. Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 288 (2d Cir. 2011); *see also Pollard*, 532 U.S. at 846 (noting that courts have also found reinstatement to be not viable "because of psychological injuries suffered by the plaintiff as a result of the discrimination").

**III. Availability of Front and Back Pay in Plaintiff's Case**

At issue in the parties' cross-motions *in limine* is whether plaintiff may present evidence at trial that she may receive an award of front or back pay during a period when she was also receiving other disability benefits. The court is unaware of any case law from the Second Circuit squarely addressing this question, and the parties have identified none. In light of the standard for receipt of SSDI benefits, however, the court rules that plaintiff may not seek front or back pay for the period during which she received SSDI benefits.

In order to be considered disabled for purposes of receiving Social Security disability insurance benefits, a claimant must have a

> physical or mental impairment of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The Social Security Administration determined that plaintiff met this exacting standard when it granted plaintiff's application for disability insurance benefits as of July 8, 2005. (*See* Mem. & Order at 21; *see also*

10

Morse Dep. Ex. 16, ECF No. 83-3, at 52-55 (Social Security Administration Notice of Award).)

The complete disability required for a grant of SSDI benefits is incompatible with back pay, which may only be awarded where a plaintiff "suffered losses as a result of defendant['s] discrimination," and not "when a plaintiff would have been unable, due to an intervening disability, to continue employment." *Thornley*, 104 F.3d at 31 (citation and internal quotation marks omitted). Front pay is similarly available only where a plaintiff is able to work, but the receipt of SSDI benefits is a determination that an individual cannot engage in any substantial gainful work that exists in the national economy, due to a sufficiently severe mental or physical impairment. *See Hatter v. Fulton*, 1997 WL 411623, at *6 (S.D.N.Y. July 21, 1997) (citing *Whittlesey*, 742 F.2d at 727-29; *Dominic v. Consolidated Edison Co. of N.Y.*, 652 F. Supp. 815, 819 (S.D.N.Y. 1986)). It is, therefore, well-established that lost wages may not be ordered for periods where a plaintiff could not have worked due to disability. *See, e.g.*, *Saulpaugh*, 4 F.3d at 165 (affirming, in a Title VII case, the district court's denial of front and back pay after the date plaintiff became disabled and could no longer work for the defendant-employer); *Morley v. Ciba-Geigy Corp.*, No. 96-9673, 122 F.3d 1056 (2d Cir. Sept. 16, 1997) (unpublished opinion) (holding, in

11

an age discrimination case, that plaintiff was terminated because of her "total disability" and therefore could not receive lost wages); *Schlant*, 2000 WL 1737945, at *1, 3 (holding, in a Title VII case, that a plaintiff who was permanently disabled and receiving SSDI benefits was not entitled to front or back pay after the date of her disability).

Plaintiff notes that the court previously ruled that she was not judicially estopped from making a claim pursuant to the ADA despite her receipt of SSDI benefits and argues that her motion *in limine* should be granted in light of that prior order. (*See* Mem. & Order at 26-32.) The previously considered question of judicial estoppel is distinct, however, from whether plaintiff may receive lost wages. In its order, the court evaluated whether plaintiff's apparently contradictory statements in her disability application to the SSA and in her ADA complaint estopped her from bringing or continuing the case now before the court. In the instant motions, the question instead is whether her receipt of the SSDI benefits is compatible with an award of front and back pay. The court holds that it is not. Moreover, the case on which the court based its prior opinion, *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795 (1999), was issued in the summary judgment context and did not concern damages awards. *See id. at* 807 (analyzing whether a plaintiff's statement that she was "totally disabled"

for purposes of an SSDI application estopped plaintiff from bringing ADA claims and finding that it did not because the ADA evaluates whether a plaintiff can work with reasonable accommodation, while the Social Security Act does not).

## CONCLUSION

For the foregoing reasons, plaintiff may not seek back or front pay at trial for the period during which she received SSDI benefits. Accordingly, plaintiff's motion *in limine* is denied, and defendant's motion is granted. The parties shall provide a status report by June 23, 2014 regarding a mutually agreeable date for trial.

**SO ORDERED.**
Dated:  Brooklyn, New York
        June 9, 2014

_____/s_____
KIYO A. MATSUMOTO
United States District Judge